AO 91 (Rev. 08/09) Criminal Complaint

ORIGINAL

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| United States of America<br>v.<br>Rageh Ahmed Mohammed AL-MURISI | ) ) ) ) ) ) | Case No.  3 11 70520 |
| Defendant(s) | | |

FILED
MAY 9 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 8, 2011__ in the county of __San Mateo__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. 46504 | Interference with flight crew members and attendants |

This criminal complaint is based on these facts:

See attached affidavit of Federal Air Marshal Service Paul A. Howard.

☑ Continued on the attached sheet.

Approved as to form.
*Elia Drew*
AUSA ELISE BECKER

*Complainant's signature*

Paul A. Howard, Federal Air Marshal Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __05/09/2011__

*Judge's signature*

City and state: __San Francisco, California__   James Larson, U.S. Magistrate Judge
*Printed name and title*

## Affidavit of Paul A. Howard in Support of Complaint

I, Paul Howard, first being duly sworn, do hereby state the following:

### BACKGROUND

1. I make this affidavit in support of a complaint against Rageh Ahmed Mohammed AL-MURISI for a violation of Title 49, United States Code, Section 46504 (Interference with flight crew members and attendants).

2. I am a Federal Air Marshal (FAM) with the Federal Air Marshal Service and have been so employed since May 2008. Currently, I am assigned to the Federal Bureau of Investigation (FBI) San Francisco Joint Terrorism Task Force (JTTF), where I serve as a Task Force Officer (TFO). As a TFO, my duties include investigating acts of terrorism, and as a FAM, my duties include maintaining the safety of aircraft, including the crew and passengers, and airports in the United States.

3. The information in this affidavit is based upon my personal observations and/or conversations with other law enforcement agents involved in this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, and it does not include every fact known to me in connection with this investigation.

4. Title 49, United States Code, Section 46504 provides, in pertinent part "[a]n individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act" commits a crime.

### INVESTIGATION

6. On May 8, 2011, American Airlines Flight 1561 (AA 1561) was en route from Chicago O'Hare International Airport (ORD) to San Francisco International Airport (SFO). Rageh Ahmed Mohammed AL-MURISI (AL-MURISI) was a passenger on this flight. The flight departed from ORD at approximately 7:05 p.m. Central Time, and landed at SFO slightly before schedule at 9:12 p.m. Pacific Time. Near the end of the flight and at approximately 8:50 p.m. Pacific Time, AL-MURISI left his seat near the rear of the plane and proceeded to the first class cabin.

7. The purser on AA 1561 informed me that he observed AL-MURISI approach the cockpit door and attempt to enter the cockpit by manipulating its door handle. The purser thought that AL-MURISI was looking for the restroom and informed AL-MURISI that the restroom was to his left. AL-MURISI once again attempted to open the cockpit door, at which time the purser informed him again that the restroom was not through that door but was to the left. The purser stated AL-MURISI then made eye contact with him, lowered his left shoulder and rammed the

cockpit door. The purser was able to get in-between AL-MURISI and the cockpit door. AL-MURISI kept yelling and pushing forward in an attempt to open the cockpit door. The purser grabbed AL-MURISI and called for help. Several passengers responded to the purser's call and assisted in restraining AL-MURISI. AL-MURISI did not comply with their efforts to restrain him, causing the purser and others to physically restrain AL-MURISI while he repeatedly attempted to break free and return to the cockpit door. During this time and for the remainder of the flight, the other flight attendants were unable to perform their work duties.

## CONCLUSION

Based on the foregoing, there is probable cause to believe that Rageh Ahmed Mohammed AL-MURISI violated 49 U.S.C. § 46504. Thus, the undersigned asks the Court to authorize a criminal complaint against AL-MURISI.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

PAUL A. HOWARD
Federal Air Marshal
JTTF Task Force Officer

Sworn and subscribed to before me this 9th day of May, 2011.

JAMES LARSON
United States Magistrate Judge
Northern District of California